UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID LEHOULLIER AND<br>CAROLE A. LEHOULLIER<br><br>        Plaintiffs,<br><br>v.<br><br>E-LOAN, INC., GE CAPITAL<br>MORTGAGE SERVICES, INC.,<br>GREENWICH CAPITAL FINANCIAL<br>PRODUCTS, INC., GMAC MORTGAGE,<br>LLC, AND WELLS FARGO HOME<br>MORTGAGE, INC.<br><br>        Defendants. | Civil Action No. 1:11-cv-00189-ML-LDA |

**DEFENDANT GMAC MORTGAGE, LLC'S ANSWER TO PLAINTIFFS' <u>VERIFIED COMPLAINT</u>**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant GMAC Mortgage LLC ("GMAC") submits its answer to the Verified Complaint (the "Complaint") filed by Plaintiffs David Lehoullier and Carole A. Lehoullier (the "Plaintiffs") in the above-captioned matter.

**<u>The Parties</u>**

1. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. GMAC admits that E-Loan, Inc. was the originating lender. GMAC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 2.

1

3. GMAC denies that "GE funded the loan." GMAC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 3.

4. GMAC admits that Greenwich purchased the loan. GMAC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 4.

5. GMAC admits that it has a mailing address of 1100 Virginia Drive, Fort Washington, Pennsylvania. GMAC denies the remainder of the allegations set forth in paragraph 5.

6. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7. GMAC admits the allegations set forth in the first sentence of paragraph 7. GMAC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 7.

**Jurisdiction**

8. Paragraph 8 sets forth a conclusion of law to which no response is required.

9. Paragraph 9 sets forth a conclusion of law to which no response is required.

10. Paragraph 10 sets forth a conclusion of law to which no response is required.

11. Paragraph 11, including all subparts, sets forth a conclusion of law to which to response is required.

## Parties

12. GMAC states that the allegations set forth in paragraph 12 refer to a written document whose terms speak for themselves.  To the extent the allegations set forth in paragraph 12 are inconsistent with the written document, those allegations are denied.

13. GMAC states that the allegations set forth in paragraph 13 refer to a written document whose terms speak for themselves.  To the extent the allegations set forth in paragraph 13 are inconsistent with the written document, those allegations are denied.

14. GMAC denies the allegations set forth in paragraph 14.

15. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19. GMAC states that the allegations set forth in paragraph 19 refer to a written document whose terms speak for themselves.  To the extent the allegations set forth in paragraph 19 are inconsistent with the written document, those allegations are denied.

20. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25. Paragraph 25 sets forth a conclusion of law to which no response is required.

26. Paragraph 26 sets forth a conclusion of law to which no response is required.

27. Paragraph 27 sets forth a conclusion of law to which no response is required.

28. GMAC states that the allegations set forth in paragraph 28 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 28 are inconsistent with the written document, those allegations are denied.

29. GMAC states that the allegations set forth in paragraph 29 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 29 are inconsistent with the written document, those allegations are denied.

30. GMAC states that the allegations set forth in paragraph 30 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 30 are inconsistent with the written document, those allegations are denied.

31. GMAC states that the allegations set forth in paragraph 31 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 31 are inconsistent with the written document, those allegations are denied.

32. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

1351959.1 101903/75

33. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

36. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37. Paragraph 37 sets forth a conclusion of law to which no response is required. To the extent a response is required, GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40. Paragraph 40 sets forth a conclusion of law to which no response is required. To the extent a response is required, GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41. GMAC admits that it is not the Lender as defined in the mortgage. GMAC denies the invoking or attempting to invoke the statutory power of sale.

42. GMAC admits that it is not the Lender as defined in the mortgage. GMAC denies publishing the notice of sale.

1351959.1 101903/75

43. Paragraph 43 sets forth a conclusion of law to which no response is required. To the extent a response is required, GMAC admits that it is not the Lender as defined in the note and mortgage. Further, GMAC denies invoking the statutory power of sale or any other sale of the property.

44. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

45. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45.

46. Paragraph 46 sets forth a conclusion of law to which no response is required. To the extent a response is required, GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

47. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47.

48. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48.

49. Paragraph 49 sets forth a conclusion of law to which no response is required. To the extent a response is required, GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49.

50. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50.

51. Paragraph 51 sets forth a conclusion of law to which no response is required.

52. Paragraph 52 sets forth a conclusion of law to which no response is required.

53. Paragraph 53 sets forth a conclusion of law to which no response is required.

54. Paragraph 54 sets forth a conclusion of law to which no response is required.

55. Paragraph 55 sets forth a conclusion of law to which no response is required.

56. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56.

57. Paragraph 57 sets forth a conclusion of law to which no response is required.

58. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58.

59. GMAC admits that on or about August 13, 2010, a foreclosure deed was recorded. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegation that Harmon caused the foreclosure deed to be recorded. Further answering, GMAC is without knowledge or information sufficient form a belief as to the truth of the remainder of the allegations set forth in paragraph 59.

60. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60.

61. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61.

## COUNT I
### Declaratory Judgment

62. GMAC repeats and incorporates by reference its responses from paragraphs 1 to 61 as if fully set forth herein.

63. Paragraph 63 sets forth a conclusion of law to which no response is required.

64. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64.

## COUNT II
### Quieting Title
### Rhode Island General Law § 34-16-5

65. GMAC repeats and incorporates by reference its responses from paragraphs 1 to 64 as if fully set forth herein.

66. GMAC admits the allegations set forth in paragraph 66.

67. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67.

68. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68.

69. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69.

70. GMAC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief can be granted for each of the counts contained the Complaint.

### Second Affirmative Defense

The claims against GMAC are barred because GMAC does not have an interest in the property and cannot provide the relief requested.

### Third Affirmative Defense

The conduct complained of was committed by a person or persons for whom GMAC has no legal responsibility.

### Fourth Affirmative Defense

Plaintiffs lacks standing to challenge the validity of the assignment.

### Fifth Affirmative Defense

GMAC is not a necessary or interested party.

### Sixth Affirmative Defense

Plaintiffs' claims are barred because of his undue delay in asserting them.

### Seventh Affirmative Defense

Plaintiffs' claims are barred by the doctrines of estoppel, waiver, and/or laches.

GMAC hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserve its right to amend the Answer and assert such defenses.

|  | Defendant<br>GMAC MORTGAGE LLC |
|---|---|
|  | By its attorneys, |
|  | */s/Brian S. Grossman*<br>Brian S. Grossman, Esq., RI Bar ID 7308<br>bgrossman@princelobel.com<br>PRINCE LOBEL TYE LLP<br>100 Cambridge Street, Suite 2200<br>Boston, MA 02114 |
| Dated: June 10, 2011 | Tel: 617-456-8000 |

### CERTIFICATE OF SERVICE

I, Brian S. Grossman, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 10, 2011.

*/s/ Brian S. Grossman*

1351959.1 101903/75